# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|                                              |                           |
|----------------------------------------------|---------------------------|
| **HARTFORD CASUALTY INSURANCE COMPANY,**     | Civ. No. 10-6235 (KM) (JBC) |
| Plaintiff,                                   | OPINION                   |
| v.                                           |                           |
| **PEERLESS INSURANCE COMPANY et al.,**       |                           |
| Defendants.                                  |                           |

**KEVIN MCNULTY, U.S.D.J.:**

Familiarity with this matter is assumed. Following a bench trial, on September 30, 2019 I entered judgment (DE 265; DE 266) in favor of the plaintiff Hartford Casualty Insurance Company ("Hartford") against Peerless Insurance Company and The Netherlands Insurance Company (together, "Peerless"). The subject of that bench trial was a settlement reached on behalf of Carquest Corporation in a 2007 action presided over by District Judge Wigenton and Magistrate Judge (now District Judge) Salas in this Court. *Mechin v. Carquest Corp.*, 07-cv-5824 (D.N.J.) (the "Mechin action"). This satellite litigation concerned the allocation of financial responsibility for that settlement among the insurers. Hartford claimed the right to one-third of the defense costs and one-third of the indemnity cost paid on behalf of the Carquest entities in settling the Mechin action. Peerless opposed that relief and, in response, asserted estoppel, breach of fiduciary duty, breach of contract, and negligence.

Ultimately, I was not persuaded that Hartford acted negligently or in breach of any duty to Carquest Corporation or Peerless in litigating the Mechin action. I therefore found that Peerless must provide Hartford with one-third of

1

the defense costs and one-third of the settlement owed from the Mechin action. I also dismissed Peerless's claim for contribution.

Now pending before the Court is Hartford's motion for an award of fees and costs. (DE 270). Hartford moves under New Jersey Court Rule 4:42–9(a)(6), which gives courts the discretion to award fees to the prevailing party "in an action upon a liability or indemnity policy of insurance." Peerless responds that Hartford's own defense strategy substantially contributed to this protracted litigation and that Hartford should equitably be required to bear its own fees and costs.

Following briefing, the parties further submitted letters regarding a prejudgment interest. (DE 277; DE 278) Hartford further moves for an award of prejudgment interest, which Peerless also opposes. (*Id.*)

For the reasons outlined herein, I will deny Hartford's motion for an award of fees and costs. For similar reasons, I will deny Hartford's motion for prejudgment interest.

**I.     DISCUSSION**[1]

**A. Defense Costs**

According to Hartford, it was clear early on in the Mechin action that Peerless was the primary insurer and that Hartford was excess; this case merely litigated Peerless's "yes but" arguments—that is, Peerless's efforts to escape its coverage obligations. All of those arguments, says Hartford, were factually and legally flawed, and fees and costs in the amount of $481,838.78 should be awarded to deter such behavior. Peerless counters that Hartford's own defense strategy in the Mechin action and its actions in this litigation substantially contributed to the prolongation of this dispute. Therefore, Hartford should bear its own costs.

---

[1]     Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

"DE" = Docket entry number in this case.

Under New Jersey Court Rule ("NJCR") 4:42-9(a)(6), a party may recover attorney fees "[i]n an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." The rule seeks "to discourage groundless disclaimers and to provide more equitably to an insured the benefits of the insurance contract without the necessity of obtaining a judicial determination that the insured is, in fact, entitled to such protection." *Burlington Ins. Co. v. Northland Ins. Co.*, 766 F. Supp. 2d 515, 532 (2011) (quoting *Guarantee Ins. Co. v. Saltman*, 217 N.J. Super. 604, 610 (App. Div. 1987)). In short, it attaches a potential cost to an insurer's wrongful refusal to indemnify.

The Rule as promulgated awarded defense costs only where an insurer refused to indemnify or defend its insured's third-party liability to another. It is not limited to actions by an insured against its carrier, however. "New Jersey courts have also awarded attorney fees incurred by an insured in a declaratory judgment action to determine the existence of coverage of liability to third parties." *Guarantee Ins. Co.*, 217 N.J. Super. at 612. In short, all successful claimants—not just policy holders—are eligible to recover attorney fees under this rule. Such eligible claimants "include excess or secondary carrier[s] which successfully prosecute a coverage action against the primary carrier when the latter has wrongfully refused to defend its insured." *Tooker v. Hartford Accident & Indem., Co.*, 136 N.J. Super. 572 (App. Div. 1975)).

Ultimately, however, the award of defense costs is "not mandatory in every action on an indemnity or liability policy," but rather is committed to the trial judge's "broad discretion." *Enright v. Lubow*, 215 N.J. Super. 306, 313 (App. Div. 1987). In deciding whether to award fees, the court may consider several factors, including: (1) the insurer's good faith, or lack thereof; (2) excessiveness of the plaintiff's demands; (3) bona fides of one or both of the parties; (4) the insurer's justification in litigating the issue; (5) the insured's conduct in contributing to the necessity of litigation; (6) the general conduct of the parties; and (7) the totality of the circumstances. *Id.*; *Burlington Ins. Co.*, 766 F. Supp. 2d at 532.

Here, I decline to exercise my discretion to award Hartford's motion for an award of fees and costs.

First, as both parties concede, and I found in my September 30, 2019 opinion, when it came to the underlying Mechin action and providing coverage to compensate the individual who was severely burned, both sides behaved honorably. Hartford and Peerless proceeded in good faith, never disclaimed coverage of their insureds, and participated in the defense of their insureds. (*See* DE 265 at 5–6) It was only in April 2009 that Hartford accepted the tender of the Carquest Entities and took over the defense of the Mechin action from Peerless. (*Id.* at 7) I do not say that Hartford is not eligible under the Rule, *see supra.* The most potent policy reasons for awarding fees and costs—discouraging groundless disclaimers and providing insureds the benefits of their insurance contracts, *see Burlington Ins. Co.*, 766 F. Supp. 2d at 532—do not require an award of costs here. The insureds received the benefits of their insurance contracts.

Second, it is true that Hartford prevailed here. Still, these protracted proceedings might never have been necessary but for the confusion sown in the Mechin action regarding the respective roles and responsibilities of the Carquest entities, and the proper apportionment of coverage as a result. The parties point the finger at each other, but neither side is blameless.

Peerless, says Hartford, tried to wriggle out of its defense and indemnity obligations, chiming in very late in the litigation in the role of spoiler. Hartford, says Peerless, failed to make clear the basis upon which it undertook the defense of the Carquest Entities and then failed to confirm the appropriateness of a joint representation of the three Carquest entities.

There is some truth to these arguments, which I discussed in more detail in my earlier rulings. Witnesses failed to distinguish among the Carquest companies and used "Carquest" indiscriminately in a way that could have meant any or all of the entities. (DE 265 at 11–12) The Carquest entities themselves (as opposed to their carriers) agreed to the joint defense strategy. Peerless did not make any meaningful efforts through most of the Mechin

action to correct the muddled record as it related to the "Carquest" entities, but sought to second-guess decisions at a late stage. (*Id.* at 48–49) In light of this conflicted record, neither side had a clear obligation to abandon its position.

Third, the fees sought by Hartford exceed the amount meaningfully in dispute. Hartford now seeks $481,838.78 in fees and costs incurred in enforcing an obligation of $419,743.33, representing Peerless's one-third share. Without criticizing any party's conduct, I note that at some point it became economically irrational to pursue the matter, and that the prospect of an award of fees perhaps contributed to a perverse incentive.

Fourth, I note that the parties here are all sophisticated insurers who were represented by able counsel both in this action and the Mechin action. As a result, the parties were able to agree to a settlement in the Mechin action, reserving the apportionment of liability among themselves for later. This litigation is now one step removed from issues of coverage; it is more in the nature of a contract dispute, rather than the more common coverage action in which courts award fees and costs.

Taking these factors into account, even in light of the discretion granted by NJCR 4:42-9(a)(6), I see no sufficient basis to disturb the default American Rule that parties should bear their own costs. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–253, 130 S. Ct. 2149 (2010); *see also In re Niles*, 176 N.J. 282, 293–94, 823 A.2d 1 (N.J. 2003) ("New Jersey has a strong public policy against the shifting of costs" and that "[t]his Court has embraced that policy by adopting the 'American Rule,' which prohibits recovery of counsel fees by the prevailing party against the losing party."). Hartford's motion for an award of fees is therefore denied.

### B. Prejudgment Interest

As noted above, I previously ruled that Peerless must pay one-third of the defense costs and one-third of the settlement owed from the Mechin action. Hartford now requests an award of prejudgment interest on that amount. (DE 277) "Federal courts sitting in diversity must apply state law with respect to prejudgment interest." *Gleason v. Northwest Mortg. Inc.*, 253 Fed. App'x 198,

203 (3d Cir. 2007). Under New Jersey law, an award of pre-judgment interest in a contract case is within the sound discretion of the trial court. *Litton Industries, Inc. v. IMO Industries, Inc.*, 2000 N.J. 372, 391 (2009).

Peerless opposes such an award on the same basis it challenged the award of defense costs—Hartford's at least shared responsibility for prolongation of the litigation. For the same reasons stated in the preceding section, I agree. Hartford's motion for prejudgment interest is denied.

## II. CONCLUSION

For the reasons stated above, Hartford's request for attorney fees and costs is **DENIED**. Hartford's request for prejudgment interest is **DENIED**.

An appropriate order follows.

Dated: April 3, 2020

/s/ Kevin McNulty
**Kevin McNulty
United States District Judge**